1
2
3
4
5
6
7
8
9 **UNITED STATES DISTRICT COURT**
10 **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19MJ4179- WVG-WQH |
| Plaintiff, | |
| vs. | ORDER |
| SAMUEL ARAUJO-SALAS, | |
| Defendant. | |

HAYES, Judge,

The matter before the Court is the motion to modify bond and order an evidentiary hearing and compel discovery (ECF No. 8) filed by Defendant.[1]

## BACKGROUND FACTS

On September 25, 2019, Defendant was arrested by a border patrol agent approximately four miles east of the Otay Mesa Port of Entry and 150 yards north of the United States/Mexico International Boundary. Defendant stated that he is a citizen of Mexico without immigration documents to allow him to enter or remain in the United States. Defendant was charged in a criminal complaint with deported alien found in the United States in violation of 8 U.S.C. § 1326.

On September 26, 2019, Defendant was brought before a United States

---

[1] The motion to order an evidentiary hearing and compel discovery was denied at the hearing on October 7, 2019. The motion to modify the bond remains pending.

Magistrate Judge for an initial appearance. Defendant was appointed counsel. Plaintiff United States moved for an order of detention based on risk of flight. The Magistrate Judge concluded that Defendant was a flight risk based upon his significant ties to Mexico, his lack of legal status and likelihood of removal after conviction, and the lack of a confirmed prospective third-party custodian or surety. The Magistrate Judge found that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings and ordered detention pending trial.

On October 2, 2019, Defendant filed an appeal of the order of detention. Defendant asserts he is not a flight risk and that a $15,000 personal appearance bond secured by one financially responsible adult will assure his future appearance. Defendant asserts that substantial family ties in the United States support his release on bond. Plaintiff United States filed an opposition to the Defendant's appeal of detention order on the grounds that Defendant remains a flight risk. Plaintiff United States asserts that Defendant's criminal record, family ties, and pattern of failing to comply with law enforcement and judicial officers weigh in favor of detention.

On October 07, 2019, the Magistrate Judge filed a detention order finding the Government has sustained its burden by a preponderance of the evidence that there are no condition or combination of conditions will reasonably assure the defendant's appearance at future court proceedings." The Magistrate Judge ordered that the Defendant detained without bail "without prejudice to modification by this Court at a future date." (ECF No. 11).

On October 07, 2019, the Court held a hearing.

## APPLICABLE LAW

The Bail Reform Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e)(1). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the

defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant, including the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972). While "[a]lienage may be taken into account when determining flight risk under the Bail Reform Act, "it is not determinative." *Santos-Flores*, 794 F.3d at 1090. The Court is required to make an "individualized determination" under the Bail Reform Act. *Id*. at 1091.

## RULING OF THE COURT

In this case, Defendant is charged with the serious felony pursuant to 8 U.S.C. § 1326. The weight of the evidence is substantial in this prior removal case but the least important factor. Defendant has a serious criminal history, including carrying a concealed weapon in a vehicle in 1993, reckless driving in 1994, transport/sale of narcotics in 1995, driving under the influence in 1996, and false identification to peace officer in 1997. In addition, Defendant has been deported on five occasions and has three convictions pursuant to 8 U.S.C. §1326, including deported alien found in the United States in 1998, deported alien found in the United States in 2012, and attempted reentry of a removed alien in 2013. Defendant has a wife and five adult children living in Central California. Defendant's son has offered to act as a surety.

Each of the factors set forth in Section 3142(g) were considered by the Magistrate Judge and reviewed de novo by this Court. The Magistrate Judge reasonably concluded Defendant was a risk of flight based upon his significant ties to Mexico, his lack of legal

status, and his lack of source of bond or third-party custodian. Defendant has a serious and lengthy criminal history. Defendant has been deported on five occasions and failed to comply with orders not to return to the United States on numerous occasions. Defendant violated his parole in 1997. Defendant was on supervised release from the District of Arizona when he committed his 2013 attempted reentry offense. Defendant has consistently failed to comply with the law and the orders of the court. Defendant has a motive not to appear in order to avoid a significant period of incarceration, if convicted after trial, and the likelihood of removal. Based upon the record, this Court concludes that the Government has carried its burden of showing by a preponderance of the evidence that the Defendant poses a flight risk and that there are no conditions of release at this time that will adequately assure the Defendant's presence at future proceedings if he is released.

IT IS HEREBY ORDERED that motion to modify bond and order an evidentiary hearing and compel discovery (ECF No. 8) is denied.

DATED: October 8, 2019

**WILLIAM Q. HAYES**
United States District Judge